IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02762-BNB

FELA J. FRAZIER,

    Applicant,

v.

MARK ALLISON, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Fela J. Frazier, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado.  Mr. Frazier initiated this action by filing *pro se* a partially legible application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of a state court criminal conviction.  On November 20, 2012, Mr. Frazier filed a legible amended application for a writ of habeas corpus pursuant to § 2254 (ECF No. 6).  Mr. Frazier is challenging the validity of his conviction in district court case number 07CR487 in El Paso County, Colorado.  He has paid the $5.00 filing fee in a habeas corpus action.

    On November 21, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to file a pre-answer response limited to raising the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in

this action. On January 11, 2013, after being granted an extension of time, Respondents filed their pre-answer response (ECF No. 14) arguing that Mr. Frazier's claim is procedurally defaulted. On January 28, 2013, Mr. Frazier filed a reply (ECF No. 15) to the pre-answer response.

The Court must construe liberally the amended application and other documents filed by Mr. Frazier because he is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. See Hall, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application, and dismiss the action.

## I. Background and State Court Proceedings

On August 2, 2007, Mr. Frazier was convicted by a jury in El Paso County District Court Case No. 07CR487 of escape, a class-three felony. ECF No. 14, ex. A at 1-2, 6-7. The trial court also found that the prosecution had proved three habitual criminal counts and sentenced Mr. Frazier to the DOC for a term of forty-eight years. Id. at 5-6. Following an unsuccessful proportionality review of his sentence on November 13, 2007, ECF No. 14, ex. A at 5, Mr. Frazier filed an appeal on December 19, 2007, challenging only his sentence. Id., ex. A at 5, ex. C (opening brief in No. 07CA2478). Tthe Colorado Court of Appeals affirmed on July 7, 2011. Id. at ex. D (People v. Frazier, No. 07CA2478 (Colo. Ct. App. July 7, 2011) (not published)). On February 6, 2012, the Colorado Supreme Court denied certiorari review. Id. at ex. E.

On March 3, 2012, Mr. Frazier filed a postconviction motion pursuant to Rule 35 of the Colorado Rules of Criminal Procedure with the trial court, which was denied on

April 5, 2012.  ECF No. 14, ex. B (Order Regarding Petition for Postconviction Relief Pursuant to Crim. P. 35(c)).  Mr. Frazier did not appeal the denial of the motion.  On April 13, 2012, he filed a second Colo. R. Crim. P. 35(c) postconviction motion.  It does not appear from the state court record that the trial court has ruled on this motion. See ECF No. 14, ex. A at 4.

On October 17, 2012, Mr. Frazier filed his original habeas corpus application pursuant to § 2254 in this Court.  On November 20, 2012, he filed an amended habeas corpus application raising the single claim that his rights under the Fourth and Fourteenth amendments were violated when his parole officer allegedly forged the arrest warrant affidavit.  ECF No. 6.

Respondents do not argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  However, Respondents do raise the affirmative defense of exhaustion of state court remedies.  More specifically, Respondents contend that Mr. Frazier's claim is unexhausted and procedurally barred.

## II. Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of

the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas corpus applicant "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also Harris v. Reed*, 489 U.S. 255, 269-70 (1989)); *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) ("'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it.") (citation omitted). A

claim is precluded from federal habeas review if the claim has been defaulted in state court on an independent and adequate state procedural ground, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730. Mr. Frazier's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Frazier must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McClesky v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). If Mr. Frazier can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at

496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Frazier first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* He then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

### III. Asserted Claim

Respondents argue that Mr. Frazier failed to satisfy the exhaustion requirement as to his asserted federal constitutional claim. They specifically contend the claim appears to have been raised in the first Colo. R. Crim. P. 35(c) postconviction motion Mr. Frazier filed on March 3, 2012. A review of the order of April 5, 2012, denying the motion reveals that the claim does appear to have been raised in the March 3 motion. *See* ECF No. 14, ex. B. As stated above, Mr. Frazier did not appeal from the April 5 denial, despite his mistaken belief asserted in the reply, ECF No. 15 at 1, that the Colo. R. Crim. P. 35(c) postconviction motion filed on April 13, 2012, was an appeal. *See* ECF No. 14, ex. A at 4. In any event, the time to appeal from the April 5 order denying the first Colo. R. Crim. P. 35(c) postconviction motion has expired. *See* Colo. App. R. 4(b) (2011) (subsequently amended and adopted effective December 14, 2011, effective July 1, 2012, to allow forty-nine days for appeal). Even if Mr. Frazier had raised the federal constitutional claim in the Colo. R. Crim. P. 35(c) postconviction motion he filed on April 13, the claim still would not be exhausted because it does not

appear from the state court record that the trial court has ruled on the motion.  *See* ECF No. 14, ex. A at 4.  Finally, the Court notes that a review of Mr. Frazier's opening brief on direct appeal confirms that the claim he asserts in this action was not raised on direct appeal.  *See* ECF No. 14, ex. C.

Respondents further contend Mr. Frazier's claim is barred by the doctrine of anticipatory procedural default.  As previously stated, Mr. Frazier allowed the time to appeal from the order of April 5, 2012, denying the first Colo. R. Crim. P. 35(c) postconviction motion to expire.  A new Colo. R. Crim. P. 35(c) postconviction motion would be rejected as successive and an abuse of process.  *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought," subject to exceptions not applicable here); *see also People v. Rodriguez*, 914 P.2d 230, 252-55 (Colo. 1996) (any attempt to reassert claims previously waived constitutes an abuse of process).

As a result, the Court finds that Mr. Frazier's claim is anticipatorily defaulted, *see Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007), unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  He fails to do so.  The claim, therefore, is procedurally barred from federal habeas review, and will be dismissed.

## IV.  Conclusion

Therefore, the amended habeas corpus application will be denied because the asserted claim is procedurally barred.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Frazier files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended habeas corpus application (ECF No. 6) is denied and the action is dismissed because the asserted claim is procedurally barred.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   15th   day of    April   , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court